Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DAVID ALLEN ELLIOTT,<br><br>                    Defendant. | Case No. 3:05-cr-0093-JWS<br><br>DEFENDANT'S<br>SENTENCING MEMORANDUM |

        Defendant, David Allen Elliott, by and through counsel Michael Dieni,

Assistant Federal Defender, submits his memorandum for sentencing now set for

February 23, 2006.

        1.    *Introduction*

        Mr. Elliott is a first-time offender, and a full-time employed provider for his

family.  At sentencing, he will request probation.  It is expected that the government will

non-oppose home detention, which is one of the recommended alternatives available

under the Sentencing Guidelines.  *PSR* at ¶ 127.  Under the circumstances of this case,

therefore, a short period of home detention as a condition of probation would also be an appropriate sentence.

       2.    *Legal Framework*

The offense, theft from a bank, is a class C felony.  18 U.S.C. § 2113(b) and § 3559(a)(3).  The court has a full range of sentencing options, including probation.  18 U.S.C. § 3561(a).  The authorized range of probation is one to five years.  18 U.S.C. § 3561(c)(1).  Home detention is a potential condition of probation. 18 U.S.C. § 3563(b)(19).

       3.    *The Offender*

Mr. Elliott, now 32 years of age, has lead a quiet and ordinary life.  Prior to the present case, he had never been charged with a criminal offense.  *PSR* at ¶¶ 53-55. He has no history of substance abuse.  *PSR* at ¶ 77.  He is presently in fairly good health, though he has endured a history of extreme obesity that required surgical intervention in 2003.  *PSR* at ¶ 75.

It is fair to say that Mr. Elliott has been a dedicated family man.  *PSR* at ¶ 74. He and his wife have been together since they were teenagers.  *Id.*  They have been married for 12 years.  *Id.*  They have two children together, David Jr., age 13, and Daniel, age 11.  *Id.*  His wife's daughter from a prior relationship, Angela, age 17, also resides with the family.  *Id.*  The family resides in an apartment in Wasilla, Alaska.  The two younger children are in school.

Both Mr. Elliott and his wife are employed, but they barely make ends meet. Mr. Elliott currently has full time employment at an automotive shop in Wasilla called "The

Transmission Center." *PSR* at ¶ 103.  His wife works as a cleaner at the Alaska Club in

Wasilla.  *Id.*  Although Mr. Elliott has been employed over the years, the family is stuck in

an avalanche of debt.  *PSR* at ¶¶ 117, 120.  Any incarceration that costs Mr. Elliott his job

would likely require the family to seek public assistance.  *PSR* at ¶ 105.

4.     *The Offense*

This is a very simple offense.  Mr. Elliott bought a truck, priced at about

$36,678, that was financed by Wells Fargo.  The car dealer who sold the vehicle to

Mr. Elliott mistakenly failed to record Wells Fargo as a lienholder on the title.  When

Mr. Elliott later sold the vehicle as a used car, he transferred what appeared to be a clear

title to the purchaser, who then transferred the $26,500 resale price to Mr. Elliott instead

of to Wells Fargo.

Mr. Elliott has accepted full responsibility for his conduct in the offense.  His

written elocution is attached as Exhibit A.

5.     *Legal Analysis and Argument*

The court is called upon to impose a sentence "not greater than necessary"

to address a first-time offender who has committed a property offense.

Specifically, Title 18 U.S.C. § 3553(a) requires this court to "impose a

sentence sufficient but not greater than necessary, to comply with the purposes set forth

in paragraph (2).  Section 3553(a)(2) states that the purpose of a sentence is:

- •     to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

- •     to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and

3

- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The statute further directs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the recommendation and policies of the United States Sentencing Commission and the Guidelines; the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

In accord with *United States v. Booker*, 125 S. Ct. 738, 750 (2005), this court must sentence Mr. Elliott pursuant to all of the factors set forth in 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are one factor among factors. *Id.*

Here, the sentencing guidelines do not contradict Mr. Elliott's requested sentence. This is a Zone B case and the Guidelines allow for probation, combined with home detention, as an alternative form of punishment. *PSR* at ¶ 126.

Several important sentencing goals set forth in 18 U.S.C. § 3553(a)(2) dictate that probation is the only reasonable response to a first offender in Mr. Elliott's situation.

First, Mr. Elliott's chief personal deficiency appears to involve the simple mechanics of money management. Correctional treatment and education of the offender requires the supervision of Mr. Elliott in the day-to-day world of working and paying his debts. 18 U.S.C. § 3553(a)(2)(D). This kind of education and correction can only occur while Mr. Elliott remains a working member of the community.

Second, of course, is Mr. Elliott's ability to make restitution.  Putting him in jail would cause him and his family the immediate loss of any ability to meet their obligations.  18 U.S.C. § 3553(a)(7).

Third, because Mr. Elliott has no history of criminal conduct, there is no basis to believe that a probationary sentence will fail as a deterrent to either Mr. Elliott or others similarly situated.  Mr. Elliott has demonstrated a long-term commitment to his wife and children, and there is strong reason to believe that the *threat* of incarceration, still available while Mr. Elliott serves a period of probation, would suffice to meet the ends of deterrence.  18 U.S.C. § 3553(a)(2)(B).

*6.    Conclusion*

A sentence of probation is appropriate.  If any additional punishment is required, it should come in the form of home detention, which would allow Mr. Elliott to continue to be economically productive while beginning to meet restitution obligations.  The length of probation should be keyed to the length of time necessary to complete restitution.

///

///

///

///

///

///

///

DATED this 16th day of February, 2005.

5

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
550 West 7th Avenue, Suite 1600
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on February 16, 2006, a copy of the
foregoing document, with attachments, was
served electronically on:

Karen L. Loeffler, Esq.

and a copy was hand-delivered to:

United States Probation/Pretrial Services
222 West 7th Avenue, No. 48, Room 168
Anchorage, AK  99513-7562

/s/ Michael D. Dieni